Weems v. Neblett.

## Tom Nat Weems *v.* W. H. Neblett.

### (*Nashville.* December Term, 1917.)

1. **BILLS AND NOTES.** Words of negotiability.

A note is not negotiable where it is not payable to bearer or to order. (*Post, pp.* 657, 658.)

2. **BILLS AND NOTES.** Indorsement of nonnegotiable note. "Guarantor." "Indorser."

A person who signed his name on the back of a nonnegotiable note was a "guarantor," and not an "indorser" in the sense of the law merchant. (*Post, pp.* 657, 658.)

Cases cited and approved: Gilley v. Harrell, 118 Tenn., 115; Whiteman v. Childress, 25 Tenn., 303; Simpson v. Moulden, 43 Tenn., 431.

3. **BILLS AND NOTES.** Nonnegotiable note. Consideration for transfer.

The holder of a nonnegotiable note to whom it had been transferred by the payee without consideration therefor cannot recover against a guarantor who became such prior to the transfer. (*Post, p.* 658.)

4. **BILLS AND NOTES.** Nonnegotiable note. Burden of proving consideration.

There is no presumption of consideration for transfer of a nonnegotiable note, and the burden of proving consideration is upon the holder. (*Post, p.* 658.)

FROM MONTGOMERY.

Error to the Circuit Court of Montgomery County.—W. L. Cook, Judge.

R. A. GARDNER, for Weems.

CALLIS TATE, for Neblett.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The following is a copy of the note out of which the controversy arose:

"Eight months after date I promise to pay to Nute Weems the sum of three hundred and seven dollars for one blue mare mule, nine years old and fifteen hands, and one blue horse mule ten years old, fifteen hands, and one spotted cow known as the Ed Davis cow, five years old, and the said Nute Weems holds the full right and title and ownership of said mules and cow until paid in full, with interest from date, this Jan. 1, 1912.

his<br>
"[Signed] H. O. X PERRY.<br>
mark

"Wit. ISAAC WOODS."

Indorsed on back: "NUTE WEEMS,—TOM NAT WEEMS."

After the delivery to the payee but before its maturity, plaintiff in error, Tom Nat Weems, wrote his name on the back of the note, at the request of the payee, to enable the latter to negotiate it to defendant in error, Neblett. It does not appear that the latter gave value for it, or that he gave anything. Being asked on the witness stand, he replied that he did not know what he gave for it. There was no other

139 Tenn.—42

evidence on the subject. The suit was brought on the indorsement.

The trial court held plaintiff in error liable, and gave judgment accordingly. This was affirmed by the court of civil appeals.

We think this was error.

The note sued on was nonnegotiable paper because not payable to bearer, or to order. *Gilley* v. *Harrell*, 118 Tenn., 115, 101 S. W., 424. Therefore when plaintiff in error wrote his name on the back of it, after its delivery to the payee, he did not become an indorser in the sense of the law merchant, but only a guarantor. 2 Dan. Neg. Inst. (6th Ed.), section 1757; 8 C. J., p. 83, section 130, notes 17 and 18. Our cases recognize, in this aspect, a distinction between mere contracts payable in property (as notes payable in current funds and the like were formerly regarded in this State prior to Neg. Inst. Law, section 6), and notes payable in money, which were nonnegotiable only for the want of the use of negotiable words. *Whiteman* v. *Childress*, 6 Humph. (25 Tenn.), 303, 308-309. Cases therefore like *Simpson* v. *Moulden*, 3 Cold. (43 Tenn.), 431, and decisions cited therein, concerned with notes payable in things other than money, do not apply. These cases hold in effect that the writing of one's signature on the back of such paper imports no liability. The circumstances under which plaintiff in error wrote his name on the note indicated a purpose to guarantee its payment, aside from the mere fact of so entering his

name on the back of a nonnegotiable instrument, also a paper that had already been delivered to the payee.

However, although we hold that plaintiff in error became a guarantor, yet there can be no recovery against him because it does not appear that defendant in error gave any consideration. A new consideration must be shown. 2 Dan. Neg. Inst. (6th Ed.), section 1760 (2); 8 C. J., p. 83, section 130, n. 19; page 250, section 392, n. 15; and section 344. Neblett's testimony fails to make proof of a consideration, and there was no other. The burden rests on the holder to prove the fact, since there is no presumption of consideration in such a case. Id. Plaintiff in error wrote his name on the back of a note which was not only nonnegotiable, but after it had been delivered to the payee, and without any previous contract that he should go upon the note in any form. Id.

The judgment of the court of civil appeals must therefore be reversed, and the suit dismissed.